WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

By:   ANN THOMPSON UGLIETTA (013696)
      uglietta@mcao.maricopa.gov
      Deputy County Attorney

CIVIL SERVICES DIVISION
222 North Central Avenue, Suite 1100
Phoenix, Arizona  85004
Telephone:  (602) 506-8541
Facsimile: (602) 506-8567
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No.:  00032000

Attorneys for Defendants Sheriff Paul Penzone
and Maricopa County

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jacinta Gonzalez Goodman,<br><br>*Plaintiff,*<br><br>v.<br><br>Paul Penzone<br>in his official capacity as Sheriff<br>of Maricopa County, Arizona; et al.,<br><br>*Defendants.* | No. 2:16-cv-04388-JJT (MHB)<br><br>**COUNTY DEFENDANTS' MOTION FOR RULING ON STIPULATED MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT SHERIFF PAUL PENZONE IN HIS OFFICIAL CAPACITY, ONLY, AND DEFENDANT MARICOPA COUNTY**<br><br>**(DOC. 57)**<br><br>**(EXPEDITED CONSIDERATION REQUESTED)** |

Defendant Sheriff Paul Penzone and Defendant Maricopa County (collectively, "County Defendants") respectfully move for this Court's expedited ruling on the Stipulated Motion for Entry of Judgment Against Defendant Maricopa County Sheriff Paul Penzone In His Official Capacity, Only, And Defendant Maricopa County, which

1

was filed by Plaintiff and County Defendants on March 13, 2018 ("Stipulated Motion for Entry of Judgment"). [Doc. 57]

As set forth in the Stipulated Motion for Entry of Judgment, Plaintiff and County Defendants have settled all claims and requests for relief asserted against Defendants Sheriff Paul Penzone and Maricopa County. Yet in the last week, Plaintiff served a Rule 45 subpoena <u>and</u> Rule 34 requests for production on these Defendants, seeking a long and broad list of documents having no relevance or proportionate need to the sole remaining claim -- Bivens/Equal Protection Claim -- pending against the sole remaining litigating defendant -- ICE Agent Lindros.[1] Based upon these discovery efforts, it appears that Plaintiff is attempting to re-open costly litigation with County Defendants, thereby significantly impairing County Defendants' expected benefits to be derived from the settlement. County Defendants therefore seek this Court's expedited ruling granting the Stipulated Motion for Entry of Judgment to finally end County Defendants' status as parties in this long-settled case.

County Defendants have worked diligently and in good faith in obtaining full settlement of Plaintiff's claims and requests for relief against them.

- They served their Offer of Judgment on May 25, 2017, which was the same date as they filed their Answer in this case. [Doc. 57 at 1, ¶¶ 2-3]

---

[1] The specific objectionable aspects of these discovery requests are not yet ripe and are not the subject of this Motion for Ruling; those are reserved and not waived pending the outcome of this Motion.

2

- After obtaining several extensions on the response deadline, Plaintiff accepted the Offer of Judgment on July 6, 2017, almost a year ago. [Doc. 32; Doc. 57 at 2, ¶ 4]

- In recognition of Plaintiff's acceptance of the Offer of Judgment, the Court entered its Order excusing County Defendants from the Rule 26(f) and case management plan process. [Doc. 44] Plaintiffs' and Defendant Lindros' Proposed Case Management Plan focused solely on Plaintiff's claims asserted against Defendant Lindros. [Doc. 48 at Part 2, Part 3] This Court entered the Case Management Order on the basis of the Proposed Case Management Plan – <u>not</u> inclusive of County Defendants. [Doc. 51 at 1, Lines 15 – 16 ("After consideration of the Proposed Case Management Plan filed on September 5, 2017, (Doc. 48) IT IS ORDERED adopting the case management plan proposed by the parties.")]

- County Defendants next finalized an agreement with Plaintiff in full settlement of her attorneys' fees and costs claim. [Doc 57 at 3, ¶¶ 6 – 7]

- On March 13, 2018, County Defendants and Plaintiff filed their Stipulated Motion for Entry of Judgment seeking full and final adjudication of all claims and requests for relief against Defendant Sheriff Paul Penzone and Defendant Maricopa County pursuant to Fed. R. Civ. P. 68(a), as set forth in the proposed Order and Judgment in a Civil Case filed concurrently therewith. [Doc. 57 at 3 – 4, ¶¶ 8 – 9]

- On March 21, 2018, County Defendants filed their Unopposed Motion for Clarification and Correction RE: Court's Statement at Page 21, Lines 9 – 11 in Court's Order/Doc. 58 RE: Status of Plaintiff's Claims Against County Defendants [Doc. 61], requesting that the Court amend and correct its Order [Doc. 58] erroneously indicating at Page 21, Lines 9 – 11 that claims remained pending against County Defendants, which is controverted by the accepted Offer of Judgment [Doc. 32], attorneys' fees and costs settlement [Doc 57 at 3, ¶¶ 6 – 7] and Stipulated Motion for Entry of Judgment [Doc. 57].

- As of the date of the instant filing, there has not been a ruling on the Stipulated Motion for Entry of Judgment [Doc. 57].

As demonstrated above, County Defendants have fully resolved Plaintiffs' claims and requests for relief against them. Having fully settled Plaintiff's claims and requests for relief, County Defendants should not be dragged back into the litigation via Plaintiff's multiplicity of party and non-party discovery requests. The attorneys' fees and costs incurred by County Defendants in responding to such requests are the very fees and costs intended to be avoided through settlement with Plaintiff.

Plaintiff's efforts to impose additional litigation costs on County Defendants undermine the value of the early settlement and impair the reasonable expectations of County Defendants in reaching an early settlement. Further, without the Court's expedited ruling on the Stipulated Motion for Entry of Judgment, County Defendants are left in a limbo-land of technically being a party yet practically being a non-party. This

limbo – land status is causing considerable confusion as to what discovery tool (if any) – party discovery or third party discovery -- may be used as to County Defendants.  Over the past week, Plaintiff has served both party discovery and third party discovery on County Defendants.

In recognition of the parties' agreement to finally adjudicate and settle Plaintiff's claims and requests for relief against Defendants Sheriff Paul Penzone and Maricopa County, and in furtherance of the benefits rightfully expected to be enjoyed by County Defendants as a result of the parties' settlement, this Court (1) should grant this Motion for Ruling, (2) enter its ruling granting the Stipulated Motion for Entry of Judgment, and (3) enter its Order ordering that the Clerk of Court enter final judgment against Defendants Sheriff Paul Penzone and Maricopa County in full and final adjudication of all claims and requests for relief asserted by Plaintiff against these defendants pursuant to Fed. R. Civ. P. 68(a), as set forth in the Proposed Order and Proposed Judgement in a Civil Case filed with the Stipulated Motion for Entry of Judgment, and terminating this action as to these Defendants, at the Court's earliest opportunity.  [Doc. 57, 57-1, 57-2]

**RESPECTFULLY SUBMITTED** this 7th day of June, 2018.

      WILLIAM G. MONTGOMERY
      MARICOPA COUNTY ATTORNEY

      BY: /s/Ann Thompson Uglietta
          ANN THOMPSON UGLIETTA
          Deputy County Attorney
          *Attorneys for Defendants Sheriff Paul Penzone and Maricopa County*

_____

# CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2018, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable John J. Tuchi
United States District Court
401 West Washington Street
Phoenix, AZ 85003-2158

Honorable Magistrate Judge Michelle H. Burns
United States District Court
401 West Washington Street,
Phoenix, AZ 85003-2158

**Ray A. Ybarra Maldonado**
Law Office of Ray A. Ybarra Maldonado, PLC
2701 East Thomas Road, Suite A
Phoenix, Arizona 85016
*Attorney for Plaintiffs*
ray@abogadoray.com

**Mark Michael Fleming**
National Immigrant Justice Center
208 S LaSalle, Ste. 1300
Chicago, IL 60604
*Attorney for Plaintiffs*
*Admitted pro hac vice*
mfleming@heartlandalliance.org

**Matthew J Piers**
**José J. Behar**
**Chirag G. Badlani**
Hughes Socol Piers Resnick & Dym Limited
70 W Madison St., Ste. 4000
Chicago, IL 60602
*Attorney for Plaintiffs*
 *Admitted pro hac vice*
mpiers@hsplegal.com
jbehar@hsplegal.com
cbadlani@hsplegal.com

**R Andrew Free**
Law Offices of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209
*Attorney for Plaintiffs*
 *Admitted pro hac vice*
andrew@immigrantcivilrights.com

**Elizabeth  K. Sichi**
Assistant U.S. Attorney
Illinois State Bar No. 6271368
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
*Attorney for Defendant Lindros*
Elizabeth.sichi@usdoj.gov

/s/ Nicole Anderson

S:\CIVIL\CIV\Matters\CJ\2016\Gonzalez-Goodman v. Arpaio CJ16-138\Pleadings\Defs Mot for Ruling on Stip Mot for Jdgmt 060718.docx